**\*\*NOT FOR PUBLICATION\*\***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NAFTALI JACOBOWITZ | Civil Action No.: 19-20120 |
| Plaintiff, | **OPINION** |
| v. | |
| EXPERIAN INFORMATION SOLUTIONS, INC., *et al.*, | |
| Defendants. | |

**CECCHI, District Judge.**

**INTRODUCTION**

This matter comes before the Court on defendant Barclays Bank's ("Barclays") motion to dismiss with respect to the claims against Barclays in the complaint (counts eleven and twelve) (the "Motion"). ECF No. 33. Plaintiff Naftali Jacobowitz ("Plaintiff") opposed the Motion (ECF No. 51) and Barclays replied in support (ECF No. 53). Pursuant to Rule 78(b) of the Federal Rules of Civil Procedure, this matter is decided without oral argument. For the reasons set forth below, the Motion is **GRANTED**.

**BACKGROUND**

Plaintiff filed the complaint (the "Complaint") in this action on November 13, 2019, asserting claims for violations of the Fair Credit Reporting Act ("FCRA") against defendants Experian Information Solutions, Inc. ("Experian"), Transunion, American Honda Finance Corporation ("Honda"), Barclays, Santander Consumer USA ("Santander"), and Discover Financial Services, Inc. ("Discover") (collectively, "Defendants").[1] ECF No. 1 at 1–4. Plaintiff

---

[1] Plaintiff has dismissed his claims against Santander and Transunion. ECF Nos. 36 and 57.

1

alleges that each defendant furnished inaccurate information to Experian and Transunion and that Experian and Transunion used this inaccurate information to compile false credit reports concerning Plaintiff. ECF No. 1 at 4–11.  Plaintiff further alleges that he notified Experian of the inaccuracies in his credit report on May 10, 2019, and that neither Experian nor the other Defendants conducted a reasonable investigation or attempted to resolve the discrepancies he identified in his credit report. Id.  Plaintiff claims that as a result of the inaccurate information listed on his credit report, "Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial." Id. at 14.

In its Motion, Barclays argues that claims eleven and twelve of the Complaint[2] must be dismissed as the Complaint "fails to meet the proper pleading standards to sustain a cause of action" under Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 33-1 at 1.  Barclays asserts that Plaintiff fails to allege that his credit report contained inaccurate information furnished by Barclays and that Plaintiff's claims are too vague as "Plaintiff does not identify the account at issue; identify the amount of the 'debt' that he alleges was 'written off;' define what is meant by 'written off;' define what is meant by 'account notes;' or define what is meant by the 'contradictory past due balance.'" Id. at 6.  Barclays also states that Plaintiff's claims are based on a misunderstanding of accounting principles and that the Complaint conflates the terms "written off" and "charged off" in an attempt to portray the credit report as inaccurate. Id. at 7.

**LEGAL STANDARD**

For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it

---

Defendants Experian and Honda have answered the Complaint (ECF Nos. 17 and 35), and Discover has filed a motion to compel arbitration with respect to the claims raised against it (ECF No. 40).
[2] Barclays is only named in count eleven (willful violation of the FCRA) and count twelve (negligent violation of the FCRA) of the Complaint.

"must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008).  "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  "A pleading that offers labels and conclusions will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal citations and quotation marks omitted).  Additionally, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.  Thus, when reviewing complaints for failure to state a claim, district courts should engage in a two-part analysis:  "First, the factual and legal elements of a claim should be separated.  Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." *See Fowler v. UPMC Shadvside*, 578 F.3d 203, 210–11 (3d Cir. 2009) (internal citations and quotation marks omitted).

**DISCUSSION**

The Court agrees with Barclays that the claims asserted against Barclays, counts eleven and twelve of the Complaint, must be dismissed at this time.  The Complaint's allegations against Barclays are unsupported by facts and consist of entirely conclusory statements. *See* ECF No. 1 at 8 ("The inaccurate information furnished by Defendant Barclays and published by Defendant Experian is inaccurate since the account notes state that the debt was written off, while still reporting a contradictory past due balance."); id. ("It is believed and therefore averred that Defendant Experian notified Defendant Barclays of the Plaintiff's dispute.).  To properly plead a

claim under the FCRA, Plaintiff must both allege the elements of such a claim and plead facts that plausibly support said elements. *Franchino v. J.P. Morgan Chase Bank, N.A.*, No. 19-20893, 2020 WL 3046318, at *3 (D.N.J. June 8, 2020)(citation and quotation marks omitted) ("To state a claim under [the FCRA] a plaintiff must meet three pleading requirements: (1) he sent notice of disputed information to a consumer reporting agency [], (2) the consumer reporting agency then notified the defendant furnisher of the dispute, and (3) the furnisher failed to investigate and modify the inaccurate information. . . . Plaintiff does not sufficiently allege that Defendant violated its duty to investigate the alleged inaccuracies in his credit report, because there are no facts suggesting that he notified a consumer reporting agency about his dispute in the first instance."). Plaintiff does not provide any facts in support of his allegations regarding Barclays: the Complaint does not identify what type of account Plaintiff has with Barclays, what the correct amount of money owing to Barclays is, what the correct amount of money already paid to Barclays is, if Experian actually notified Barclays of the discrepancy, or how Barclays failed to investigate Plaintiff's claims in good faith. Without these allegations, the Complaint must fail as it only recites legal claims and conclusory statements. *See Fowler*, 578 F.3d at 211 (citations and quotation marks omitted) ("[A] complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to show such an entitlement with its facts.").

Plaintiff opposes dismissal of the Complaint by providing specific dollar figures of his reported outstanding balance at Barclays and the amount of debt written off, and arguing that "[t]he math on these numbers is completely off, and so the inaccuracies here are plainly apparent." ECF No. 53 at 2. Notably, however, these specific figures and factual allegations are introduced for the first time in Plaintiff's brief in opposition and stand in stark contrast to the Complaint's unsupported allegations that "[t]he inaccurate information furnished by Defendant Barclays . . . is inaccurate since the account notes state that the debt was written off, while still reporting a contradictory past

due balance." ECF No. 1 at 8.  Plaintiff may not amend his Complaint through his briefing in opposition to the Motion. *See Bell v. City of Philadelphia*, 275 F. App'x 157, 160 (3d Cir. 2008); *Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (citation and quotation marks omitted) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").  Plaintiff will, however, be afforded an opportunity to file an amended complaint that contains all factual allegations necessary to support his FCRA claims against Barclays, including but not limited to, the specific inaccuracies contained in his credit report, facts showing that Barclays was notified of these inaccuracies, and facts showing that Barclays failed to investigate these inaccuracies and modify them accordingly.

## CONCLUSION

For the reasons stated above, the claims against Barclays in the Complaint (counts eleven and twelve) are **DISMISSED WITHOUT PREJUDICE**. An appropriate Order accompanies this Opinion.

**SO ORDERED.**

**DATE:** September 23, 2020                         *S/ Claire C. Cecchi*
                                                                                  **CLAIRE C. CECCHI, U.S.D.J.**